**Mufeed Kaled BANNA, Petitioner,**

v.

**Eric H. HOLDER JR., Attorney General, Respondent.**

No. 06–71238.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 4, 2010.*

Filed Oct. 6, 2010.

Mufeed Kaled Banna, Vacaville, CA, pro se.

Thomas Fatouros, Esquire, Senior Litigation Counsel, Oil, Mark Christopher Walters, Esquire, Assistant Director, Annette Marie Wietecha, Trial, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, D.C., Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, KLEINFELD, and GRABER, Circuit Judges.

## MEMORANDUM **

Mufeed Kaled Banna, a native and citizen of Israel, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

BIA's "good moral character" determination, *Ramos v. INS*, 246 F.3d 1264, 1266 (9th Cir.2001), and we deny the petition for review.

Substantial evidence supports the BIA's determination that Banna provided false testimony for the purpose of obtaining an immigration benefit and, therefore, that he lacks the good moral character required for cancellation of removal. *See* 8 U.S.C. § 1101(f)(6); *Ramos*, 246 F.3d at 1266; *see also Bernal v. INS*, 154 F.3d 1020, 1023 (9th Cir.1998) ("An applicant's false oral statements made under oath in a question-and-answer statement before an INS officer in connection with any stage of the processing of a visa constitute false testimony within the meaning of 8 U.S.C. § 1101(f)(6).").

The record does not support Banna's remaining contentions.

**PETITION DENIED.**

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.